UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDALEEN DAIRY, LLC ) <br> MALLORIE'S DAIRY, INC. and ) <br> SMITH BROTHERS FARMS, INC. ) <br>  ) <br> Plaintiffs, ) <br> vs. ) <br>  ) <br> MIKE JOHANNS, ) <br> SECRETARY OF AGRICULTURE, ) <br> UNITED STATES DEPARTMENT OF ) <br> AGRICULTURE ) <br> Defendant. ) | CIVIL NO.: 05-CV-2442 PLF |

**PROPOSED ANSWER OF INTERVENORS,
UNITED DAIRYMEN OF ARIZONA, SHAMROCK FOODS COMPANY,
SHAMROCK FARMS, PARKER FARMS, AND DEAN FOODS COMPANY**

Intervenors, United Dairymen of Arizona, Shamrock Foods Company, Shamrock Farms, Parker Farms, and Dean Foods Company (collectively, the "Intervenors"), by counsel, for their Proposed Answer to the Complaint for Declaratory and Injunctive Relief herein state as follows:

**I.  ANSWER**

In answer to the numbered Paragraphs of the Complaint for Declaratory and Injunctive Relief, the Intervenors state as follows:

**SUMMARY OF ACTION**

1.  It is admitted that Northwest Producer-Handlers are seeking injunctive relief from the Proposed Rule of the Secretary. It is denied that Northwest Producer-Handlers are entitled to the relief they seek. The remaining allegations of Paragraph 1 are denied.

2.  Denied.

3.  Denied.

4.  Denied.

5. Denied.

6. Denied.

7. Denied.

8. It is admitted that Northwest Producer-Handlers are seeking declaratory relief as set forth therein. It is denied that Northwest Producer-Handlers are entitled to the relief they seek in paragraph 8.

9. Denied.

10. Denied.

11. Denied.

## JURISDICTION AND VENUE

12. Denied.

13. Denied.

14. Paragraph 14 states a conclusion of law to which no response is required. To the extent a response is required, Intervenors deny the allegations contained therein.

15. Paragraph 15 states a conclusion of law to which no response is required. To the extent a response is required, Intervenors deny the allegations contained therein.

## PARTIES

16. Intervenors lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16. Therefore, Intervenors deny the allegations of Paragraph 16.

17. Intervenors lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17. Therefore, Intervenors deny the allegations of Paragraph 17.

18. Intervenors lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18. Therefore, Intervenors deny the allegations of Paragraph 18.

19. Admitted.

20. Denied.

21. Admitted.

### CURRENT STATUS QUO OF PRODUCER-HANDLERS

22. Admitted.

23. Denied.

24. Admitted.

25. The allegations of Paragraph 25 are admitted. However, the explanation attributed to the Secretary therein is incomplete.

26. The allegations of Paragraph 26 are admitted. However, the explanation attributed to the Secretary therein is incomplete.

27. Denied.

28. The allegations of Paragraph 28 are admitted. However, the allegations in Paragraph 28 are an incomplete statement of the facts, circumstances and law surrounding the history and regulatory treatment of Producer-Handlers from the minimum pricing and pooling provisions of the various milk marketing orders.

29. Intervenors lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that, in 1990, Edaleen Dairy and Smith Brothers Farms marketed milk within the predecessor order to the current Order 124. The remaining allegations of Paragraph 29 state conclusions of law to which no response is required. To the extent a response is required, Intervenors deny the allegations in Paragraph 29.

30. Intervenors lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that in 1990 Mallories Dairy was marketing milk within one of the predecessor orders to Order 124. The remaining allegations in Paragraph 30 state conclusions of law to which no response is required. To the extent a response is required, Intervenors deny the allegations in Paragraph 30.

31. It is denied there was no qualification to the exemption. The remaining allegations of Paragraph 31 state conclusions of law to which no response is required. Moreover, Paragraph 31 is an incomplete statement of Congress's actions with respect to the AMAA in 1990. To the extent a response is required, Intervenors deny the allegations in Paragraph 31.

32. Admitted.

33. The allegations of Paragraph 33 are admitted. However, the allegations in Paragraph 33 contain an incomplete statement of facts.

34. The allegations of Paragraph 34 are admitted. However, the allegations in Paragraph 34 do not completely allege the statement of the Secretary.

35. Admitted.

36. Admitted.

37. Paragraph 37 states legal conclusions to which no response is required. To the extent it requires a response, Intervenors deny the allegations. Moreover, the proposed rule of April 2, 1999 speaks for itself.

38. Denied.

39. Denied to the extent the allegations suggest that the dispute in 1999 involved Producer-Handlers.

40. Admitted.

41.     It is denied that Congress affirmed regulations regarding the Northwest Producer-Handlers.  The remaining allegations of Paragraph 41 state legal conclusions, to which no response is required.  To the extent a response is required Intervenors deny the allegations.

## OTHER RELEVANT STATUTORY BACKGROUND

42.     Denied.

43.     The allegations of Paragraph 43 are admitted.  However, the allegations contained therein are an incomplete statement of the mechanisms used in the FMMO system.

44.     Denied.

45.     It is denied that "these regulations arise out of specific and limited authority granted the Secretary by Congress."  The remaining allegations of Paragraph 45 state conclusions of law to which no response is required.  The AMAA speaks for itself.  To the extent a response is deemed required, Intervenors deny the allegations.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

## RULEMAKING HISTORY LEADING TO THIS CASE

50.     Denied.

51.     The allegations of Paragraph 51 are admitted.  However, the allegations of Paragraph 51 are an incomplete statement, inasmuch as extensive briefing followed the rulemaking hearing.

52.     The allegations of Paragraph 52 are denied to the extent they conflict with *United States v. Rock Royal Co-operative, Inc.*, 307 U.S. 533 (1936) and it progeny.

53. The allegations of Paragraph 53 are denied to the extent they mischaracterize the effect and/or consequences of the Secretary's Recommended Decision as repealing the exemption of Producer-Handlers or ordering Producer-Handlers to pay an assessment to other produces who do not operate their own processing plant.

54. Admitted.

55. It is admitted that the Secretary issued a Proposed Rule on December 14, 2005. The remaining allegations of Paragraph 55 are denied.

56. Paragraph 56 states conclusions of law to which no response is required. To the extent a response is required, Intervenors deny the allegation of Paragraph 56.

57. It is admitted that milk marketing cooperatives may, but are not required to, bloc vote all of their members and production. Intervenors lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 57, inasmuch as they constitute speculative forecasts as to future events. Intervenors, therefore, deny the same.

58. Denied.

59. Denied.

**NEED FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. It is admitted that the regulation in question is not currently in effect and will likely not come into effect until March 1, 2006, at the earliest. The remaining allegations of Paragraph 66 are denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### [Declaratory Relief]

73. Intervenors incorporate their responses to Paragraphs 1 through 73 as if fully set forth herein.

74. Denied.

## SECOND CAUSE OF ACTION

### [Preliminary and Permanent Injunctive Relief]

75. Intervenors incorporate their responses to Paragraphs 1 through 72 as if fully set forth herein.

76. Denied.

77. Denied.

## PRAYER FOR RELIEF

78. Intervenors deny that the Plaintiffs are entitled to the relief set forth in their "Prayer for Relief" section.

79. Any allegation not specifically admitted is denied.

## II. AFFIRMATIVE DEFENSES

1. The Plaintiffs' claims are barred in whole, or in part, because they fail to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred in whole, or in part, because this Court lacks subject matter jurisdiction.

3. Plaintiffs' claims fail in whole, or in part, because their claims are not ripe.

4. Plaintiffs' claims fail in whole, or in part, because there is no justiciable case or controversy before the Court.

5. Plaintiffs' claims fail in whole, or in part, because the Plaintiffs have failed to exhaust their administrative remedies.

6. Plaintiffs' claims are barred in whole, or in part, by the doctrines of waiver and estoppel.

Respectfully submitted,

/s/ Charles M. English, Jr.
Charles M. English, Jr.
D.C. Bar No.: 386572
Sara Pikofsky
D.C. Bar No.: 485948
Thelen Reid & Priest LLP
701 8th Street NW
Washington, DC 20001
Telephone: 202.508.4000

December 23, 2005                    *Attorneys for Proposed Intervenors*

DC #209156 v1