# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDALEEN DAIRY, LLC ) | |
| MALLORIE'S DAIRY, INC. ) | |
| SMITH BROTHERS FARMS, INC. ) | |
|       Plaintiffs ) | |
| vs. ) | |
| ) CIVIL ACTION NO. 05 CV 2442 (PLF) | |
| ) | |
| MIKE JOHANNS, SECRETARY ) | |
| UNITED STATES DEPARTMENT OF ) | |
| AGRICULTURE ) | |
|       Defendant ) | |

## UNOPPOSED MOTION FOR LEAVE TO INTERVENE
## OF DAIRY FARMERS OF AMERICA, INC. (DFA)

Pursuant to Fed. R. Civ. P. 24(a) and (b), Dairy Farmers of America, Inc. (DFA) ("Movant"), respectfully petitions this Court for leave to intervene in this action as a defendant in order to (1) oppose temporary, preliminary, and permanent injunctive or declaratory relief and (2) defend the validity of the final decision of the Defendant Secretary of Agriculture with respect to amendments to the regulations for the marketing of milk in the Pacific Northwest and Arizona-Las Vegas Marketing Orders, 7 C.F.R. §§ 1124 and 1131.

Movant is a cooperative association of dairy farmers which supports the rule changes to which plaintiffs object. Movant represents and markets the milk of its member dairy farmers pursuant to these federal milk marketing regulations and any temporary or permanent court intervention in the operation of the rules as sought by plaintiffs will adversely impact Movant and its producer members by prolonging disorderly marketing conditions in the Pacific Northwest Marketing Order. Movant, with this timely application, fully satisfies the requirements for intervention of right under Fed. R. Civ. P. 24(a) and for permissive intervention

Fed. R. Civ. P. 24(b). Movant and its producer members have an interest in the outcome of the litigation which will be impaired if intervention is not granted and Movant's interest is not adequately represented by existing parties.

Movant attaches its memorandum of points and authorities in support of this Motion to Intervene and asks that it be incorporated herein.

Movant, pursuant to Local Rule 7(m) has notified opposing counsel of this Motion and sought their concurrence therein. Counsel for the Defendant does not oppose the Motion. Counsel for Plaintiffs, Benjamin F. Yale, stated on 12/23 that Plaintiffs also do not oppose the Motion.

Pursuant to Fed. R. Civ. P. 24(c), Movant attaches hereto its proposed answer to the complaint.

Wherefore, the Movant asks that this Court grant the Motion for leave to Intervene and for such other relief as this Court deems fair and just.

Date: December 23, 2005

Respectfully Submitted,

Marvin Beshore, Esquire
Attorney ID # 31979 (PA)
#D00232 (DCDC)
130 State Street
P. O. Box 946
Harrisburg, PA 17108-0946
(717) 236-0781

Attorneys for Dairy Farmers of America, Inc. (DFA)

## CERTIFICATE OF SERVICE

On this 23rd day of December, 2005, I, Marvin Beshore, Esquire, hereby certify that I caused true and correct copies of the foregoing Memorandum of Proposed Intervenor Dairy Farmers of America, Inc. (DFA) in Support of Motion for Leave to Intervene to be served by electronic and prepaid first class mail to the following parties:

| | |
|---|---|
| Benjamin F. Yale, Esq.<br>Yale & Associates<br>102 West Wapakoneta St.<br>Waynesfield, OH 45896 | Email: benyale@cs.com |
| Rupa Bhattacharyya, Esq.<br>U.S. Department of Justice<br>20 Massachusetts Avenue, N.W.<br>Room 7338<br>Washington, D.C. 20530 | Email: rupa.bhattacharyya@usdoj.gov |
| James Gilligan, Esq.<br>U.S. Department of Justice<br>20 Massachusetts Avenue, N.W.<br>Room 7338<br>Washington, D.C. 20530 | Email: james.gilligan@usdoj.gov |
| Garrett B. Stevens<br>United States Department of Agriculture<br>Office of the General Counsel<br>1400 Independence Avenue, S.W.<br>Room 2343-South Building<br>Washington, D.C. 20250-1417 | Email: garrett.stevens@usda.gov |

Dated: 12/23/05

By: /s/ Marvin Beshore
Marvin Beshore, Esquire
Attorney ID # 31979 (PA)
#D00232 (DCDC)
130 State Street
P.O. Box 946
Harrisburg, PA 17108-0946
(717) 236-0781
Attorney for Dairy Farmers of America, Inc. (DFA)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

EDALEEN DAIRY, LLC )
MALLORIE'S DAIRY, INC. )
SMITH BROTHERS FARMS, INC. )
      Plaintiffs )
  vs. )
 ) CIVIL ACTION NO. 05 CV 2442 (PLF)
 )
MIKE JOHANNS, SECRETARY )
UNITED STATES DEPARTMENT OF )
AGRICULTURE )
      Defendant )

### Certificate Required by LCvR 7.1 of the Local Rules of the United States District Court for the District of Columbia

    I, the undersigned, counsel of record for Dair Farmers of America, Inc. (DFA), certify that to the best of my knowledge and belief, the following are parent companies, subsidiaries or affiliates of Dairy Farmers of America, Inc. which have any outstanding securities in the hands of the public:

None.

    These representations are made in order that judges of this court may determine the need for recusal.

Attorney of Record for Dairy Farmers of America, Inc.

Dated : December 23, 2005

By: _____
Marvin Beshore, Esquire
Attorney ID # 31979 (PA)
#D00232 (DCDC)
130 State Street
P.O. Box 946
Harrisburg, PA 17108-0946
(717) 236-0781
Attorney for Dairy Farmers of America, Inc. (DFA)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

EDALEEN DAIRY, LLC )
MALLORIE'S DAIRY, INC. )
SMITH BROTHERS FARMS, INC. )
        Plaintiffs )
    vs. )
        ) CIVIL ACTION NO. 05 CV 2442 (PLF)
        )
MIKE JOHANNS, SECRETARY )
UNITED STATES DEPARTMENT OF )
AGRICULTURE )
        Defendant )

## ANSWER OF INTERVENOR DEFENDANT
## DAIRY FARMERS OF AMERICA, INC. (DFA)

Dairy Farmers of America, Inc. (DFA), Intervenor-Defendant, for its Answer to Plaintiffs' Complaint state:

1. Intervenor-Defendants admit paragraphs numbered:

   15, 19, 20, 25, 26, 32, 33, 34, 35, 43, 44, 51, 56.

2. Intervenor-Defendants deny paragraphs numbered:

   1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 27 28, 31, 38, 39, 40, 41, 42, 45, 46, 47, 48, 49, 50, 52, 53, 54, 55, 57, 58, 59, 60, 61, 62, 63 ,64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76.

3. Intervenor-Defendants do not have sufficient knowledge to admit or deny paragraphs numbered:

   16, 17, 18, 21, 22, 23, 24, 29, 30, 36, 37.

   First Affirmative Defense

4. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

5. Plaintiffs have failed to exhaust their administrative remedies.

### Third Affirmative Defense

6. Plaintiffs do not have standing to bring this action.

### Fourth Affirmative Defense

7. Plaintiffs are not entitled to equitable relief because of laches.

### Fifth Affirmative Defense

8. Plaintiffs are not entitled to equitable relief because they have unclean hands.

WHEREFORE, Intervening Defendant requests that Plaintiffs' Complaint be dismissed, with costs.

Dated this 23rd day of December, 2005.

Respectfully Submitted,

By: /s/ Marvin Beshore

Marvin Beshore, Esquire
Attorney ID # 31979 (PA)
#D00232 (DCDC)
130 State Street
P. O. Box 946
Harrisburg, PA 17108-0946
(717) 236-0781
Attorney for Dairy Farmers of America, Inc.
(DFA)

## CERTIFICATE OF SERVICE

On this 23rd day of December, 2005, I, Marvin Beshore, Esquire, hereby certify that I caused true and correct copies of the foregoing Answer of Intervenor Defendant Dairy Farmers of America, Inc. (DFA) on behalf of Dairy Farmers of America, Inc. (DFA) to be served by electronic and prepaid first class mail to the following parties:

| | |
|---|---|
| Benjamin F. Yale, Esq.<br>Yale & Associates<br>102 West Wapakoneta St.<br>Waynesfield, OH 45896 | Email: benyale@cs.com |
| Rupa Bhattacharyya, Esq.<br>U.S. Department of Justice<br>20 Massachusetts Avenue, N.W.<br>Room 7338<br>Washington, D.C. 20530 | Email: rupa.bhattacharyya@usdoj.gov |
| James Gilligan, Esq.<br>U.S. Department of Justice<br>20 Massachusetts Avenue, N.W.<br>Room 7338<br>Washington, D.C. 20530 | Email: james.gilligan@usdoj.gov |
| Garrett B. Stevens<br>United States Department of Agriculture<br>Office of the General Counsel<br>1400 Independence Avenue, S.W.<br>Room 2343-South Building<br>Washington, D.C. 20250-1417 | Email: garrett.stevens@usda.gov |

Dated: 12/23/05

By: *[signature]*
Marvin Beshore, Esquire
Attorney ID # 31979 (PA)
#D00232 (DCDC)
130 State Street
P.O. Box 946
Harrisburg, PA 17108-0946
(717) 236-0781
Attorney for Dairy Farmers of America, Inc. (DFA)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDALEEN DAIRY, LLC <br> MALLORIE'S DAIRY, INC. <br> SMITH BROTHERS FARMS, INC. <br>     Plaintiffs <br>   vs. <br> <br> MIKE JOHANNS, SECRETARY <br> UNITED STATES DEPARTMENT OF <br> AGRICULTURE <br>     Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 05 CV 2442 (PLF) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OF PROPOSED INTERVENOR,
DAIRY FARMERS OF AMERICA, INC. (DFA)
IN SUPPORT OF UOPPOSED MOTION FOR LEAVE TO INTERVENE**

I.  **INTRODUCTION**

Dairy Farmers of America, Inc. (DFA) ("Movant") has moved for intervention in this action as defendant to (1) oppose temporary, preliminary, and permanent injunctive and declaratory relief and (2) defend the validity of the federal order regulations promulgated by the Defendant, Secretary of Agriculture, which amend the regulations concerning producer-handlers in the Pacific Northwest and Arizona-Las Vegas Milk Marketing Areas.

The case is before the court upon the request of Plaintiffs for immediate court intervention in the form of a temporary restraining order and preliminary injunction to prevent the implementation of the rules which were announced by a final decision issued December 9, 2005, and published at 70 Fed. Reg. 74166 (December 14, 2005). Neither Plaintiff nor Defendant oppose this motion for intervention.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a rule-making proceeding conducted by the Secretary of Agriculture pursuant to the Agricultural Marketing Agreement Act of 1937, as amended, 7 U.S.C. §601 et seq. ("AMAA") and the Administrative Procedure Act, 5 U.S.C.§§ 553-557 ("APA"). The hearing concerned amendments to the regulations (7 C.F.R.§§ 1131 and 1124) governing the marketing of milk in the Pacific Northwest and the Arizona-Las Vegas Milk Marketing Areas  The hearings were held on September 24–25, 2003 in Tempe, Arizona; November 17–21 in Seattle, Washington; and January 20–22, 2004 in Alexandria, Virginia before an Administrative Law Judge, pursuant to the Rules of Practice of the agency, 7 C.F.R. Part 900. More than 3000 pages of testimony was received from more than 20 witnesses. Voluminous data was received in the form of exhibits, additional data was administratively noticed, and, after the full on-the-record rulemaking hearing, all interested participants had the opportunity to file briefs and proposed findings.

The Secretary issued his Recommended Decision April 7, 2005 and it was published April 13, 2005, at 70 Fed. Reg. 19636.   Exceptions thereto, and comments thereon, were filed by Plaintiffs, and all other interested parties, including DFA. The final decision was issued December 9, 2005, and published at 70 Fed. Reg. 74166 (December 14, 2005).   If approved in a referendum of dairy farmers, it will be implemented by final Order. The earliest effective date of the Order is anticipated to be March 1.

Movant for intervention is a cooperative association of dairy farmers whose members support the amendments to the federal orders. DFA is a Capper-Volstead[1] cooperative

---

[1] The Capper-Volstead Act, 7 U.S.C. § 291–292, is the federal statute which authorizes farmers to join together for the collective marketing of their production and be exempt from

-2-

association of nearly 13,500 dairy farms producing milk in forty-nine (49) states, including the states of the Pacific Northwest Marketing Area. DFA regularly markets milk on 10 of the 11 federal milk orders, including Order 124, the order in which the Plaintiffs are involved. Movant, on behalf of its dairy farm members seeks this Court's leave to participate in this litigation in defense of the amended regulations.

### III. ARGUMENT

#### A. MOVANT IS ENTITLED TO INTERVENE AS OF RIGHT

Rule 24 (a) of the Federal Rules of Civil Procedure provides in part:

> Upon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a)(2).

In light of the Rule and its goals, courts have granted motions to intervene as of right when the following four criteria are met: (1) the motion is timely; (2) the applicant has a significant legal interest in the subject matter of the pending litigation; (3) the disposition of the action may impair or impede the applicant's ability to protect it's interest; and (4) the existing parties cannot adequately protect the applicant's interests. See, e.g. Nova Pharmaceutical Corp. v. Shalala, 140 F.3d 1060, 1074 (D.C. Cir. 1998); United States v. City of Chicago, 798 F.2d 969, 972 (7th Cir. 1986).

"A motion to intervene as a matter of right, moreover, should not be dismissed unless it appears to a certainty that the intervenor is not entitled to relief under any set of facts which

---

federal antitrust restrictions which otherwise would apply to such joint activity.

-3-

could be proved under the complaint." Lake Investors Dev. Group v. Egidi Dev. Group, 715 F.2d 1256, 1258 (7th Cir. 1983). Intervention issues are considered to be highly fact specific and turn on the facts of each situation. Shea v. Angulo, 19 F.3d 343, 349 (7th Cir. 1994). In this case, applicant, as one of the proponents of the challenged rules, and persons who are directly impacted thereby, has a clear and firm basis for intervention and satisfies all elements necessary.

1. The Motion is timely

The test for timeliness is essentially one of reasonableness: "potential intervenors need to be reasonably diligent in learning of a suit that might affect their rights, and upon so learning they need to act reasonably promptly". Nissei Sangyo America, Ltd. v. United States, 31 F.3d 435, 438 (7th Cir. 1994). In addition to temporal considerations, the court should look at related circumstances, including the purpose for which the intervention is sought, the necessity for intervention as a means of preserving the applicant's rights, and the improbability of prejudice to those already parties in the case. Hodgson v. United Mine Workers of America, 473 F.2d 118, 129 (D.C. Cir 1972) This motion comes at the earliest possible time and is not opposed by Defendant. Movant has requested the concurrence of Plaintiffs in the Motion, but as of the time of this filing had not received a definitive statement of position from Plaintiffs' counsel.

2. Intervention is the *only* means for DFA to protect its members' interest.

The Rule requires that the potential intervenor's interest be a "direct, significant, legally protectable" one. American Nat'l Bank v. City of Chicago, 865 F.2d 144, 146 (7th Cir. 1989); Donaldson v. United States, 400 U.S. 517, 531 (1971) The required interest is something more than a "betting interest," Reich v. ABC/York Estes Corp., 64F.3d 316 (7th Cir. 1995)), but less than a property right, United States v. City of Chicago, 870 F.2d 1256, 1260 (7th Cir. 1989)). In

-4-

ascertaining a potential intervenor's interest in a case, the cases focus on the issues to be resolved by the litigation and whether the potential intervenor has an interest in those issues. See, e.g., American Nat'l Bank, supra, 865 F.2d at 147; Wade v. Goldschmidt, 673 F.2d 182, 185 (7th Cir. 1982). This is not simply a case where the litigation "may as a practical matter impair or impede" the Movant's member dairy farmers' ability to protect their interests. Their day to day interests in the regulatory terms for the marketing of their milk is at stake. The challenged rules will impact the payments received for milk on a monthly basis of all DFA members pooled in Order 124. Direct participation in this litigation through intervention as a party is the only means by which these nearly dairy farmers can legally protect their economic interests. There are no other legal or administrative avenues of recourse available which have even the possibility of protecting DFA's interest if the amendments to the federal Orders which the Movant supported are overturned.

3. <u>Movant's ability to protect its interests will be impaired if it is not permitted to intervene.</u>

It has been observed that the strongest case for intervention is not where the applicant for intervention could file an independent suit, but where the intervenor-applicant has no claim against the plaintiff, yet a legally protected interest that could be impaired by the suit, since in such circumstances intervention may be essential.[2] That is the case in these proceedings. Intervening Defendant has pursued its positions through the administrative process. If Plaintiffs prevail in circumventing that process and bringing those issues into this litigation, it will become the only forum in which the interests and issues are pursued. There will be no opportunity to

---

[2] David L. Shapiro, "Some Thoughts on Intervention Before Courts, Agencies, and Arbitrators," 81 Harv. L. Rev. 721, 726-27 (1968).

-5-

pursue this intervenor's interest in a separate action. Intervention is necessary for the protection of these farmers' interests.

4. <u>The Government may not adequately protect the Movant's interests, which are broader, deeper, and more personal than those of the Government.</u>

The inadequate representation test, like the impairment test, requires only a minimal and hypothetical showing: The requirement of the Rule is satisfied if the movant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal. <u>Trbovich v. United Mine Workers of America</u>, 404 U.S. 528, 538 n.10 (1972). The government has no direct financial interest in the regulations, as do the Movant's dairy farmer members. Consequently, the government may not adequately represent the interests of the Movant. Therefore, applicants "should be allowed to intervene unless it is clear that [the government] will provide adequate representation." 7C Wright, Miller, and Kane, Federal Practice and Procedure §1909, at 319 (2d ed. 1986).

B. <u>PERMISSIVE INTERVENTION IS ALSO APPROPRIATE</u>

In addition to meeting the requirements for intervention as of right, applicants have met those establishing a basis for the discretionary grant of permissive intervention. Rule 24(b) provides that a court may grant intervention if "the applicant's claim or defense and the main action have a question of law or fact in common." Fed.R.Civ.P.24(b)(2). Relevant factors to consider in ruling on a motion for permissive intervention include whether the request is timely and whether it would unduly delay or prejudice the adjudication of the rights of the original parties. <u>Vollmer v. Publishers Clearing House</u>, 248 F.3d 698, 707 (7th Cir. 2001). The proposed intervention must demonstrate that there is (1) a common question of law or fact, and (2) independent jurisdiction. <u>Reedsburg Bank v. Appolo</u>, 508 F.2d 995, 1000 (7th Cir. 1975). Once

-6-

these two requirements are met, which is clearly the case here, intervention under 24(b)(2) may be granted. Keith v. Daley, 764 F.2d 1265, 1272 (7th Cir. 1985).

In exercising that discretion, the court ordinarily gives weight to the impact of the intervention on the rights of the original parties. In this case, Plaintiffs have not opposed the intervention.

### III. CONCLUSION

The Movant has demonstrated its entitlement to intervention pursuant to Fed. R. Civ. P.24(a) and (b). Accordingly, the Motion of DFA to intervene as a defendant should be granted.

Respectfully Submitted,

Date: December 23, 2005

By: _____
Marvin Beshore, Esquire
Attorney ID # 31979 (PA)
#D00232 (DCDC)
130 State Street
P. O. Box 946
Harrisburg, PA 17108-0946
(717) 236-0781

Attorneys for Dairy Farmers of America, Inc. (DFA)

-7-

## CERTIFICATE OF SERVICE

On this 23rd day of December, 2005, I, Marvin Beshore, Esquire, hereby certify that I caused true and correct copies of the foregoing Memorandum of Proposed Intervenor Dairy Farmers of America, Inc. (DFA) in Support of Motion for Leave to Intervene to be served by electronic and prepaid first class mail to the following parties:

Benjamin F. Yale, Esq.  
Yale & Associates  
102 West Wapakoneta St.  
Waynesfield, OH 45896

Email: benyale@cs.com

Rupa Bhattacharyya, Esq.  
U.S. Department of Justice  
20 Massachusetts Avenue, N.W.  
Room 7338  
Washington, D.C. 20530

Email: rupa.bhattacharyya@usdoj.gov

James Gilligan, Esq.  
U.S. Department of Justice  
20 Massachusetts Avenue, N.W.  
Room 7338  
Washington, D.C. 20530

Email: james.gilligan@usdoj.gov

Garrett B. Stevens  
United States Department of Agriculture  
Office of the General Counsel  
1400 Independence Avenue, S.W.  
Room 2343-South Building  
Washington, D.C. 20250-1417

Email: garrett.stevens@usda.gov

Dated: 12/23/05

By: *Marvin Beshore*  
Marvin Beshore, Esquire  
Attorney ID # 31979 (PA)  
#D00232 (DCDC)  
130 State Street  
P.O. Box 946  
Harrisburg, PA 17108-0946  
(717) 236-0781  
Attorney for Dairy Farmers of America, Inc. (DFA)