UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDALEEN DAIRY, LLC )
MALLORIE'S DAIRY, INC. and )
SMITH BROTHERS FARMS, INC. )
)
)    CIVIL NO.: 05-CV-2442 PLF
--PLAINTIFFS, )
VS. )
)
MIKE JOHANNS, )
SECRETARY OF AGRICULTURE )
UNITED STATES DEPARTMENT OF )
AGRICULTURE )
)
--DEFENDANT. )

## DECLARATION OF CARL D. HERBEIN. CPA

My name is Carl D. Herbein, and I am President and CEO of Herbein + Company, Inc., a certified public accounting firm, headquartered in Reading, PA. This declaration is based upon my personal knowledge and belief and is provided in opposition to the plaintiffs' motion for temporary restraining order and/or preliminary injunction and for expedited hearing. I am competent to testify about the statements and information in this declaration if called upon to do so.

### QUALIFICATION OF CARL D. HERBEIN, CPA

1. I obtained a Bachelor of Science degree in accounting from Elizabethtown College in 1968. I successfully completed the CPA exam in May, 1971 and satisfied my 2-year experience requirement while employed by the national accounting firm of Ernst & Young from December, 1967 to April, 1972.

2. I have been recognized as an expert in dairy cost accounting and milk pricing by the PA Milk Marketing Board, United States Department of Agriculture, the State of New Jersey Department of Agriculture, and various state and federal courts, including in December, 2003 in Cloverland-Green Spring Diaries, Inc. v. Pennsylvania Milk Marketing Board, No. 99-487, slip op. at 6, n.4 (M.D. Pa. Mar. 30, 2005) and state of Oregon in Echo Spring Dairy v. Dairygold.

3. My professional dairy industry experience includes providing various services to more than 150 dairies located in the United States and Canada with sales ranging from less than $1 million annually to more than $1 billion dollars annually.

4. Dairy consulting services provided include business plan preparation, unit cost analysis, route accounting and profitability analysis, computer feasibility and implementation, by-product and excess butter fat cost analysis, buy/sell agreements, labor contract negotiations, hauling cost analysis, plant shrink studies, delivery cost studies, market price analysis, cost benchmarking projects, and business valuations. I developed and present the annual "Dairy Cost Accounting Workshop" for the International Dairy Foods Association.

5. I have published the following articles:

    "Product Costing in a Volatile Environment" - National Ice Cream Mix Association Publication - Newsletter
    "Milk Costing and Regulation - Is There a Conflict" - International Association of Milk Control Agencies - Newsletter
    "Financing Agribusiness Growth" - PA CPA Journal
    "Benchmarking" - 422 Business Advisor

## COMMENTS ON RONALD D. KNUTSON, PH.D.

1. Plaintiffs' expert, Ronald D. Knutson, Ph.D. states that the Secretary of Agriculture has arbitrarily selected a 3 million pound per month limitation. This monthly limitation of 3 million pounds is far from arbitrary and was explained during the hearings which resulted in this proposed order. The 3 million pound cutoff is appropriate as plants at this level can be competitive with normally regulated processing milk dealers. When producer handlers move into competitive markets such as schools, milk distributors, and stores (with Direct Store Door delivery) they venture into dairy economics not anticipated by the federal order producer handler exemption. The concept of producer handlers having a retail outlet for packaged dairy products at their farm is a long standing business model which should enjoy the pooling and payment provisions. However, when the producer handler competes with a regulated handler for dairy sales he has an unfair price advantage. The affect of this unfair competition is to sell dairy products at handler margins that are not sufficient to maintain a healthy dairy industry on the regulated side of this competitive landscape.

2. I have reviewed the declarations of the Plaintiffs, their management, and Ronald Knutson. Based upon their statements, it appears that these producer handlers have been successful during their existence and have demonstrated the ability to manage a vertically integrated business. This same business approach could have been applied to developing a financial game plan to deal with the potential regulation of the producer handlers. Approximately two years has gone by since the original hearings were held. During this time period, plaintiffs could have developed a business plan to deal with change, which is inevitable, in most forms of business. Based upon the declarations, I believe that the ability to pass on to their customers any increased raw milk cost is possible due to the significant branding and unique nature of these three businesses –

see financial considerations below. I have found that BST free milk and organic milk carries a significant premium and I believe this is an opportunity for the plaintiffs. Additionally, one of the plaintiff's has developed a business model of significant home delivery sales through independent contractors. The competitive price pressure does not exist on home delivery dairy products and thus a cost pass-through appears possible.

3. Plaintiffs have chosen not to submit actual financial information from their business operations. If they had done so, a more precise economic analysis could be performed. Typically, when historical information is not presented it is for a reason (usually information would be disclosed that would not be helpful to the parties cause).

FINANCIAL CONSIDERATIONS CONCERNING PRODUCER HANDLER REGULATION

The Plantiffs allege that the proposed rule will harm their businesses and require them to make business adjustments which are not financially advisable. I will address financial issues which I believe must be considered in analyzing their position.

1. I attach Exhibit A, a proforma income statement prepared for regulated handlers at processing levels of 3.5 million pounds per month, 4.7 million pounds per month and 5.9 million pounds per month. This proforma was submitted as Exhibit 68 in the Federal Order Hearing which resulted in the proposed rule mentioned above. By reviewing this proforma, one can see that profitability is possible for regulated handlers at sizes comparable to the Plantiffs. Page 2 of Exhibit A explains the source of data utilized in preparing the proforma and also the calculations made utilizing the data.

2. Producer handlers are vertically integrated farming, milk producing, and milk processing and distribution organizations. There are important and significant advantages to vertical integration as applied by the Plaintiffs:

    a. Raw milk quality control is greatly enhanced as the producer handler has direct control over milk quality at the farm level.

b. Raw milk transportation is greatly minimized (if not eliminated) by the close proximity of the milk producing farm and the processing plant.

c. The ability to market and advertise "Hormone Free Milk" is much easier as the producer handler knows for certain if his cows are being given hormone stimulants or if they are not.

d. The three plaintiff producer handlers all have significant "Branded Products" which are accepted in their market places. Such brand acceptance could allow for premium pricing which I have observed in many markets.

e. The three plaintiffs in this matter are family-owned, family-managed, and operated in a "Hands on Way." This facilitates the decision making process when compared with multi-regional dairy competitors.

## SUMMARY, CONCLUSION AND OPINION

Based upon my review of the data considered in this hearing I believe the producer handlers can adjust to the market changes which occur with the imposition of the proposed rule. A detailed hearing was held by the Secretary, testimony was presented by proponents and opponents of the proposed rule, a producer vote is currently under way, and the market administrator is prepared to manage the new rule.

It is my opinion that the new rule should be enacted and should not be stayed during the appellate process.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on this 27th day of December, 2005.

_Carl D. Herbein_
Carl D. Herbein, CPA