## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDALEEN DAIRY, LLC<br>MALLORIE'S DAIRY, INC. and<br>SMITH BROTHERS FARMS, INC.<br><br>        Plaintiffs,<br>vs.<br><br>MIKE JOHANNS,<br>SECRETARY OF AGRICULTURE,<br>UNITED STATES DEPARTMENT OF<br>AGRICULTURE<br>        Defendant. | CIVIL NO.: 05-CV-2442 PLF |

## DECLARATION OF DANIEL S. MCBRIDE

My name is Daniel S. McBride, and I am the Director of Milk Pricing Programs of Northwest Dairy Association ("NDA"). This Declaration is filed on behalf of NDA, an agricultural milk marketing cooperative located at 635 Elliott Avenue West, Seattle, WA 98119. I am authorized to file this Declaration on behalf of NDA. This Declaration is based upon my personal knowledge and belief and is provided in support of Intervenors' Opposition to Plaintiffs' Motion for Temporary Restraining Order and/or Preliminary Injunction and for Expedited Hearing.

1. NDA is an agricultural milk marketing cooperative incorporated in 1916. It has members in Washington and Oregon, as well as in Idaho and northern California.

2. NDA's membership consists of approximately 520 producers, who produce approximately 625 million pounds per month.

3. NDA's subsidiary, Darigold, Inc., which does business as WestFarm Foods ("WFF"), owns and operates five manufacturing facilities in Washington and two in Oregon, as well as three in Idaho. The majority of these facilities operate 24 hours a day, seven days a week, and produce a variety of dry, fluid and solid milk products, including all forms of fluid milk products. WFF's plants in Washington and Oregon process about 348 million pounds of milk per day, and regularly act as balancing plants for other processors in the region.

4. NDA provides field and headquarters staff support for its members. With a combined NDA and WFF workforce of approximately 985 full-time employees, it offers its members transportation services, price hedging services, market information and quality control advice.

5. If the Proposed Rule is adopted, large commercial producer-handlers, like their regulated competitors, will be required to contribute to the equalization fund at a rate that is the difference between the announced classified price for their milk as used and the minimum uniform price paid to all dairy farmers.

6. Because this will result in more funds in the equalization fund and because the funds in the equalization fund are distributed to dairy farmers, members of NDA will receive additional funds each month. If the Proposed Rule is not adopted, NDA members will lose these additional earnings.

7. Unlike the large producer-handlers in the Pacific Northwest market (representing according to USDA nearly 10 percent of the total fluid market in the Pacific Northwest (70 Fed. Reg. at 74186, c. 1 (December 14, 2005)), NDA's members include 351 small businesses as USDA defines that term for dairy farmers (using the 500,000 pounds per month guideline). The annual loss for this group as a result of certain producer handlers not contributing to the equalization fund have been $163,200 - $326,400 and if this Court were to enjoin this rule, these small businesses would be deprived of this much needed income to fund their operations. Once lost, this income will not be recoverable. Should this Court grant an injunction and then defendants prevail in this litigation, we will not be able to receive these lost dollars for any month that any injunction was in place.

8. NDA has 530 dairy farms in Washington and Oregon. Each of those farms in those two states averages approximately 755,000 pounds per month, and thus the total loss to our cooperative from those two states should the rule be enjoined would be from $960,000 to $1,921,000 annually. These are huge numbers that affect our continued ability to provide the full range of services to our members and others discussed above.

9. To the best of my knowledge, information and belief, only 11 of our dairy farmer members in Washington and Oregon are about the same size as or exceed in size the size of the smallest of the three plaintiffs.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on this 23 day of December 2005.

_/s/ Daniel S. McBride_
Daniel S. McBride