## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EDALEEN DAIRY, LLC,<br>MALLORIE'S DAIRY, INC., and<br>SMITH BROTHERS FARMS, INC., | )<br>)<br>) | |
| | ) | Civil No. 05-CV-2442 PLF |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MIKE JOHANNS, SECRETARY OF<br>AGRTICULTURE, and the UNITED STATES<br>DEPARTMENT OF AGRICULTURE, | )<br>)<br>) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' UNOPPOSED MOTION TO STAY FURTHER PROCEEDINGS PENDING RESOLUTION OF PLAINTIFF'S INTERLOCUTORY APPEAL

Defendants the United States Department of Agriculture ("USDA") and Mike Johanns, the Secretary of Agriculture, hereby seek a stay of these proceedings pending the final resolution of plaintiffs' pending interlocutory appeal to the United States Court of Appeals for the District of Columbia Circuit of this Court's December 30, 2005, Order denying plaintiff's motion for a preliminary injunction. Counsel for all parties consent to the relief requested herein. As grounds for this relief, defendant states as follows:

1.      Plaintiffs' Complaint in this matter was filed December 21, 2005, along with a Motion for Temporary Restraining Order and/or Preliminary Injunction (Docket No. 2).

2.      On December 29, 2005, following full briefing and oral argument, this Court denied plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction. The Court articulated four grounds. First, the Court found that plaintiffs failed to demonstrate likelihood of success on the merits of their claims because the Proposed Rule they sought to

challenge would have no concrete effects for several months – and then only if two-thirds of milk producers in the region voted in favor of it – and thus plaintiffs had failed to demonstrate the Court's jurisdiction under the ripeness doctrine.[1]  Second, the Court found that plaintiffs had failed to demonstrate likelihood of success on the merits of their claim because they were subject to a statutory administrative exhaustion requirement, 7 U.S.C. § 608c(15)(A), and could not maintain suit in district court until they had exhausted their administrative remedies.  Third, the Court found that plaintiffs had failed to demonstrate a likelihood of success on their statutory argument because plaintiffs were handlers subject to the regulatory authority of USDA under the AMAA.  Finally, the Court found that the allegations of economic harm suffered by plaintiffs in anticipation of finalization of the Proposed Rule were necessarily speculative and did not rise to the level of irreparable harm necessary to sustain entry of a preliminary injunction.  A written Order formally denying plaintiff's motion for relief was entered on December 30, 2005 (Docket No. 28).

3.    On January 20, 2006, plaintiffs filed a Notice of Interlocutory Appeal from this Order (Docket No. 31).

4.    Under the Federal Rules of Civil Procedure, despite the pendency of plaintiff's interlocutory appeal from this Court's December 30, 2005, Order, defendants ordinarily would be required to answer or otherwise respond to plaintiffs' Complaint on February 21, 2006.

5.    In light of the pending appeal, which will address the core issues that would be addressed by defendants in response to plaintiffs' Complaint, namely the jurisdictional issues of ripeness and exhaustion, and the issue of law raised by plaintiff's proposed interpretation of the AMAA to prohibit the regulation of producer handlers, defendants respectfully request that this

---

[1]  As of the date of this filing, no Final Rule has yet been issued by the USDA.

matter be stayed pending the final resolution of plaintiffs' appeal.

5.      The Court has broad authority to stay proceedings as necessary to promote judicial economy and justice.  <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-56 (1936).  The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants."  <u>Id.</u>; <u>accord</u> <u>United States v. Western Electric Co., Inc.</u>, 46 F.3d 1198, 1207 n.7 (D.C. Cir. 1995) ("a trial court has inherent power to control the sequence in which it hears matters on its calendar . . .").  Thus, "[a] trial court may, with propriety, find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear on the case."  <u>Hisler v. Gallaudet Univ.</u>, 344 F. Supp. 2d 29, 35-36 (D.D.C. 2004) (Urbina, J.) (citing <u>Leyva v. Certified Grocers of Calif., Ltd.</u>, 593 F.2d 857, 863-64 (9th Cir. 1979)).

6.      In the circumstances of this case, it makes little sense to proceed further in this Court before the final resolution of plaintiff's appeal.  The Court of Appeals, in the course of determining whether plaintiff has demonstrated a sufficient likelihood of success on the merits of their claim to warrant the reversal of this Court's denial of preliminary injunctive relief, or for purposes of affirming this Court's Order, will consider the very same core issues that would be put before this Court on a Motion to Dismiss in response to plaintiffs' pending Complaint.  Moreover, there is every likelihood that the Court of Appeals' decision would require the parties to revisit issues briefed in any such motion in light of that Court's ruling.  Under <u>Landis</u>, <u>supra</u>, this Court has the power to avoid such wasteful and duplicative litigation by granting the stay requested herein.

7.      Finally, no party will be prejudiced by the stay of proceedings requested herein.

<u>Cf.</u> <u>Hisler</u>, 344 F. Supp. 2d at 36 (denying stay upon finding prejudice to the plaintiff).  To the contrary, counsel for all parties to this litigation, including Benjamin Yale for plaintiffs and Charles English and Marvin Beshore for the defendant-intervenors, have advised the undersigned that they consent to the relief requested herein.

WHEREFORE, for the reasons stated herein, defendants request that these proceedings be stayed pending the final resolution of plaintiffs' appeal of this Court's December 30, 2005, Order to the Court of Appeals for the District of Columbia Circuit.  Defendants suggest that they be allowed until 60 days following the final resolution of plaintiffs' appeal in the form of the issuance of a mandate by the Court of Appeals in which to make any filing appropriate at that time.  A proposed Order is attached for the convenience of the Court.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General, Civil Division

KENNETH G. WAINSTEIN
United States Attorney

FELIX V. BAXTER
Director, Federal Programs Branch

JAMES J. GILLIGAN
Assistant Director, Federal Programs Branch

___/s/ Rupa Bhattacharyya_____
RUPA BHATTACHARYYA (VA #38877)
Senior Trial Counsel
Federal Programs Branch, Civil Division
United States Department of Justice
P.O. Box 883, 20 Massachusetts Ave., N.W.
Washington, DC 20044
Tel:  (202) 514-3146
Fax:  (202) 318-7593
Email:  rupa.bhattacharyya@usdoj.gov

Dated:  February 17, 2006